UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEREMIAH PERKINS, | ) | CASE NO._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY DEMAND PURSUANT TO** |
| UNIVERSITY OF NEBRASKA; | ) | **Fed. R. Civ. Pro. 38** |
| BOARD OF REGENETS OF THE | ) | |
| UNIVERSITY OF NEBRASKA; | ) | |
| UNIVERSITY OF NEBRASKA-LINCOLN, | ) | |
| UNIVERSITY POLICE DEPARMENT; | ) | |
| CHRISTINE A. JACKSON, Vice Chancellor | ) | |
| for Business and Finance for the University of | ) | |
| Nebraska- Lincoln; OWEN YARDLEY, Police | ) | |
| Chief, University of Nebraska-Lincoln; and | ) | |
| JOHN AND JANE DOE 1 to 100, unknown | . ) | |
| State actors. | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, the Plaintiff, Jeremiah Perkins (hereinafter, "Mr. Perkins"), and for his

Complaint against the Defendants, hereby states and alleges as follows:

### DESCRIPTION

1.  This Complaint is brought by the Plaintiff, Mr. Perkins, against the University of

Nebraska, its Board of Regents, and its University Police Department, along with individuals

associated with University Police Department in their individual and official capacities

pursuant to 42 U.S.C. § 1983, alleging that his rights guaranteed by the Fourteenth

Amendment to the U.S. Constitution were violated when the University Police Department

banned and barred him from the University of Nebraska-Lincoln campus on or about April

15, 2017 for a period of no less than 4 years without affording him due process.  This

Complaint further alleges violations of Mr. Perkins' rights guaranteed by the Nebraska

Constitution, including his State Constitutional rights to due process of the laws.

## PARTIES

2.      Plaintiff, Mr. Perkins, is a United States Citizen and a resident of Furnas County, Nebraska.

3.      Defendant, University of Nebraska is a public entity created by the Nebraska Constitution, Article VII, Section 10, and the governance of the University is vested in Defendant, Board of Regents.  The principle place of operations of the University is in Lincoln, Lancaster County, Nebraska.  The University of Nebraska is a program or activity receiving Federal Financial Assistance as the same is defined in 42 U.S.C. § 2000d-4a(2)(A).

4.      Defendant, the Board of Regents of the University of Nebraska, is a Board created by Nebraska statutes to govern the operations of the University of Nebraska, and which has a principle location in Lincoln, Lancaster County, Nebraska.  The individual Regents are elected from regions throughout the State of Nebraska.

5.      Defendant, University of Nebraska-Lincoln, University Police Department, (hereinafter, "University Police Department") is a law enforcement agency governed by the University of Nebraska, which has been commissioned as a professional Police Department by the Governor of the State of Nebraska and the Superintendent of the Nebraska State Patrol.  The University Police Department has general jurisdiction to act throughout the State of Nebraska.

6.      Defendant Christine A. Jackson (hereinafter, "Vice Chancellor Jackson"), is an individual resident of the State of Nebraska and at all material times herein was and is employed by Defendant University of Nebraska as the Vice Chancellor for the Office of Business and Finance.  In her official capacity, she has the authority to remove, alter, or

2

deny sanctions issued by the Defendant University Police Department to ban and bar persons from the University of Nebraska-Lincoln campus.  This action is brought against Vice Chancellor Jackson in both her individual and official capacities.

7.      Defendant Owen Yardley (hereinafter, "Chief Yardley"), is an individual resident of the State of Nebraska and at all material times herein was and is employed by the Defendant University of Nebraska as the Chief of Police for the University Police Department on the Lincoln campus.  In his official capacity, he has the authority to ban and bar persons from the University of Nebraska-Lincoln campus, or allow subordinates under his authority to do so. This action is brought against Chief Yardley in both his individual and official capacities.

8.      Defendants John and Jane Doe 1 to 100 are yet unknown individuals who are acting on behalf of the Defendants University of Nebraska, Board of Regents, and University Police Department.  This action against John and Jane Doe 1 to 100 are brought in both their individual and official capacities.

**JURISDICTION**

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as Mr. Perkins' Complaint presents complaints under the United State Constitution and the Bill of Rights and Federal questions created by Acts of Congress, including but not limited to 42 U.S.C. § 1983.

10.      Jurisdiction is proper in this Court over Plaintiff's State Law and Constitutional violations claims pursuant to this Court's supplemental jurisdiction under 18 U.S.C. § 1367.

11.     Venue is property in this Court under 28 U.S.C. § 1391(b), as several of the named defendants reside in this judicial district and a substantial part of the events giving rise to Plaintiff's Claim occurred in this judicial district.

12.     Pursuant to NELR 40.1, Mr. Perkins requests that trial of this matter occur in Lincoln, Nebraska, as set forth in his Civil Cover Sheet.

**FACTUAL BACKGROUND**

12.     Mr. Perkins hereby incorporates allegations in paragraph 1 through 11 above, as though fully restated herein.

13.     Mr. Perkins has been a full-time student at the University of Nebraska-Lincoln on the Lincoln Campus since the Fall of 2016.

14.     Mr. Perkins is enrolled as a full-time student for the Fall 2017 semester at the University of Nebraska-Lincoln on the Lincoln Campus.

15.     On April 14, 2017, Mr. Perkins was assaulted by one or more other students from the University of Nebraska-Lincoln.

16.     That this altercation on April 14, 2017 occurred on property not owned by the Defendant University of Nebraska.

17.     That on April 15, 2017, Mr. Perkins was issued a "Trespass Warning Ban and Bar Notice" by Defendant University Police Department banning Mr. Perkins from "University of Nebraska-Lincoln (UNL) property for a duration of four years."

18.     That this Trespass Warning Ban and Bar Notice allowed Mr. Perkins to submit "an appeal form and submit the appeal within five business days after receipt" of the Notice of banning.

4

19.     That Mr. Perkins timely submitted a written appeal of Trespass Warning Ban and Bar Notice issued to him on April 15, 2017.

20.     That on April 20, 2017, Defendant Vice Chancellor Jackson issued a denial of the appeal without any opportunity for formal hearing by Mr. Perkins.

21.     That Defendant Vice Chancellor Jackson provided the reason for her denial of the appeals as: "Unlawful or unauthorized conduct in violation of any law, rule, regulation or order of the State of Nebraska or United States."

23.     That Mr. Perkins has never been convicted of a crime.

24.     That the ban and bar issued by the Defendant University Police Department prevents Mr. Perkins from attending any of his courses on campus at the University of Nebraska-Lincoln for the Fall 2017 semester, as well as for the next 4 years.

25.     That the ban and bar issued by the Defendant University Police Department will prevent Mr. Perkins from finishing his bachelor's degree at Defendant University of Nebraska in his chosen field of study.

26.     That Mr. Perkins was informed by Defendant University of Nebraska personnel, to wit: Susan Moore, Associate Director of Student Conduct, on June 6, 2017, that the ban and bar issued by the Defendant University Police Department would mean that Mr. Perkins would never be able to graduate from the University of Nebraska-Lincoln.

**FIRST CAUSE OF ACTION – VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION**

27.     Mr. Perkins hereby incorporates Paragraphs 1 through 26 above, as though fully set forth herein.

28.     Mr. Perkins has a protected property interest in his education at the Defendant University of Nebraska.

29.     That the ban and bar issued by the Defendant University Police Department infringes upon Mr. Perkins' protected property interest in his education at the Defendant University of Nebraska.

30.     Mr. Perkins has a protected liberty interest that in his education at the Defendant University of Nebraska.

31.     That the ban and bar issued by the Defendant University Police Department infringes upon Mr. Perkins' liberty interests.

32.     That the ban and bar issued by the Defendant University Police Department damages Mr. Perkins' standing in the community, academic and general, and imposes a stigma that will foreclose his freedom to take advantage of other educational opportunities.

33.     That the ban and bar issued by the Defendant University of Police Department will preclude, limit and/or impede Mr. Perkins future educational and employment opportunities.

34.     That the ban and bar issued by the Defendant University Police Department violated Mr. Perkins' constitutionally protected due process rights by not providing Mr. Perkins notice of the reasons for the ban.

35.     That the ban and bar issued by the Defendant University Police Department violated Mr. Perkins' constitutionally protected due process rights by not providing Mr. Perkins with an opportunity for a hearing.

36.     That the ban and bar issued by the Defendant University of Police Department violated Mr. Perkins' constitutionally protected due process rights by not allowing him an opportunity to review the evidence against him leading to such ban and bar.

37.     Each of the above violations are ongoing, and violates Mr. Perkins' substantive and procedural rights protected under the 14th Amendment to the U.S. Constitution.

WHEREFORE, Mr. Perkins requests judgment in his favor on his 14th Amendment Claims in the following particulars:

a.  Preliminary and Permanent Injunction preventing Defendants, and each of them, enjoining said Defendants from continuing its ban and bar on Mr. Perkins and from further violating Mr. Perkins' rights, including his procedural and substantive due process rights created under the 14th Amendment to the U.S. Constitution;

b.  An award of money damages, including but not limited to Mr. Perkins' attorney's fees and costs incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

c.  Such other relief as this Court deems just and equitable.

**SECOND CAUSE OF ACTION – VIOLATION OF THE DUE PROCESS CLAUSE IN THE NEBRASKA STATE CONSTITUTION**

38.     Mr. Perkins hereby incorporates the statements in paragraph 1 through 37 above s though fully restated herein.

39.     This Court has jurisdiction over the claims made in Mr. Perkins' Second cause of action pursuant to its Supplemental jurisdiction under 28 U.S.C. § 1367, as the claims made in these causes of action arise out of the same acts and omissions by Defendants as set forth in Mr. Perkins other cause of action.

40.     As citizens and residents of the State of Nebraska, Mr. Perkins has specific fundamental rights set forth in the Nebraska Constitution, Article I, § 1, wherein the citizens of Nebraska adopted that: "All persons are by nature free and independent, and have certain inherent and inalienable rights; among these are life, liberty, the pursuit of happiness, and the right to keep and bear arms for security or defense of self, family, home, and others, and for lawful common defense, hunting, recreational use, and all other lawful purposes, and such rights shall not be denied or infringed by the state or any subdivision thereof. To secure these rights, and the protection of property, governments are instituted among people, deriving their just powers form the consent of the governed."

41.     Mr. Perkins' pursuit of his education at the Defendant University of Nebraska, and the bachelor degree sought, are protected liberty and property rights contained in Article I, Section 1, above, specifically his rights to liberty and the pursuit of happiness.

42.     The Nebraska Constitution further provides that "No person shall be deprived of life, liberty or property, without due process of law." Art. I, § 3.

43.     The actions of Defendants, and each of them, in improperly banning and barring him from the campus of the University of Nebraska-Lincoln, without notice, without an opportunity for hearing, and without an opportunity to review the evidence against him, violates Section 1 and Section 3 of the Nebraska Constitution, thereby denying Mr. Perkins due process of the law.

WHEREFORE, Mr. Perkins prays for judgment against the Defendants as follows:

a.  Preliminary and Permanent Injunction preventing Defendants, and each of them,

enjoining said Defendants from continuing its ban and bar on Mr. Perkins and from

further violating Mr. Perkins' rights under the Nebraska State Constitution;

b.  For his special and general damages to be proven at trial;

c.  For his attorneys' fees and costs incurred herein; and

d.  For such other relief as the Court deems just and equitable.

**JURY DEMAND**

44.     Mr. Perkins hereby demands trial by jury on his claims herein.

DATED this 13th day of June, 2017.

**JEREMIAH PERKINS, Plaintiff**

By:     **/s/ David V. Chipman            **

Carlos A. Monzón, #20453
David V. Chipman, #23151
Attorneys for Plaintiff
Monzón, Guerra & Associates
1133 H Street
Lincoln, NE 68508
(402)477-8188
Fax (402)477-8202
dchipman@monzonlaw.com